[811 NYS2d 824]

In the Matter of MICHAEL JOHN COLITZ, JR., an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, November 10, 2005

**APPEARANCES OF COUNSEL**

*Daniel A. Drake, Principal Counsel, Seventh Judicial District Grievance Committee,* Rochester, for petitioner.

*Michael J. Colitz, Jr.,* Dunedin, Florida, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on April 5, 1967. By order entered January 20, 2005 (894 So 2d 972 [Fla 2005]) , respondent was suspended by the Supreme Court of Florida for a period of three years, effective June 6, 2003, for violating regulations of the United States Patent and Trademark Office (USPTO). That office had suspended respondent on December 2, 2002, for a period of five years, with two years of the period to be stayed, for misconduct that included aiding nonpractitioners in the unauthorized practice of law. Thereafter, the Supreme Court of Ohio, pursuant to the reciprocal discipline provisions of its rules, imposed upon respondent a period of suspension to run concurrently with that imposed by the USPTO.

This Court, upon receipt of certified copies of the orders entered in Florida and Ohio, directed respondent, by order entered September 15, 2005, to show cause why reciprocal discipline should not be imposed pursuant to 22 NYCRR 1022.22. Respondent filed papers in response to the order, contending that the imposition of reciprocal discipline in the circumstances of this case would be unjust.

Pursuant to 22 NYCRR 1022.22, an attorney disciplined in another jurisdiction may be disciplined by this Court for the underlying misconduct unless we find that the procedure in the foreign jurisdiction deprived the attorney of due process of law, that there was insufficient proof that the attorney committed the misconduct or that the imposition of discipline would be unjust. Respondent does not contend that he was deprived of due process in the proceedings in Florida or Ohio, nor does he contend that there was insufficient proof before the USPTO that he committed the misconduct. We disagree with respondent that the imposition of a period of suspension by this Court would be unjust. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be immediately suspended, without leave to apply for reinstatement until June 6, 2006, or, until such time as he has been reinstated by the USPTO, whichever is later.

GREEN, J.P., SCUDDER, GORSKI, PINE and HAYES, JJ., concur.

Order of suspension entered.